**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN JOSE NAVAS MIRANDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1254-J |
| | ) | |
| BRET BRADFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Juan Jose Navas Miranda, a Nicaraguan citizen, filed a Petition for Writ of Habeas challenging his detention with United States Immigration and Customs Enforcement (ICE). [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release him. Judge Erwin also recommends that Respondents be ordered to certify compliance within ten business days. (Rep. & Rec.) [Doc. No. 15]. Respondents filed a timely objection (Obj.) [Doc. No. 16], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object, waiving de novo review. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED IN PART to the extent that it alleges Petitioner's lack of bond hearing violates federal law.

## I. **Background**

Petitioner entered the United States in December 2022 and was shortly thereafter detained but paroled into the United States. In September 2025, ICE re-detained Petitioner and he was served with a Notice to Appear and placed into removal proceedings. Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA), the "Accardi doctrine," the Administrate Procedures Act (APA), and his Fifth Amendment due process rights.[1]

## II. **Report and Recommendation**

Upon review, Judge Erwin concluded that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 4-7.

## III. **Analysis**

Respondents object to Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention arguing that when his parole expired, he returned to his status as "an 'arriving alien'" under 8 U.S.C. 1225(b)(1) and is therefore subject to mandatory detention. [Doc. No. 16 at 2]. But this Court and others have rejected this theory. *See Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("Upon review, the Court concludes that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under § 1225(b)(1)."); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560 (W.D. Okla. Apr. 7, 2026) (holding that the expiration of parole does not, by itself, revert Petitioner's

---

[1] Because the Court grants Petitioner relief on his INA claim, it declines to address his remaining claims.

status back to that of an arriving alien); *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held under § 1226(a), not § 1225(b)(1)); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same). Until the Tenth Circuit or Supreme Court holds otherwise,[2] the matter is well settled in this Court and further discussion is unwarranted.

Having found § 1225(b)(2)(A) inapplicable to Petitioner, the Court agrees with Judge Erwin that § 1226(a) controls his detention and thus a bond hearing is required under the INA. *See Zhakhonov*, 2026 WL 1865418, at *3.

## IV. Conclusion

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 15] on de novo review and GRANTS IN PART Petitioner's Petition for Writ of Habeas Corpus in so far as it finds Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner. Respondents shall certify compliance within ten business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 16th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[2] The Court recognizes that some courts have reached a contrary conclusion, *see, e.g.*, *Kvaratskhelia v. Blanche, et al.,* No. CIV-26-1673-JD (W.D. Okla. Sept. 29, 2026), but respectfully declines to adopt that approach.